UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAUNISE ANDERSON | CIVIL ACTION |
| VERSUS | NO. 17-3024 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (2) |
| CHARLES CARTER | CIVIL ACTION |
| VERSUS | NO. 17-3123 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court are motions for reconsideration filed by each of the above-captioned plaintiffs.[1] Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., (collectively, the "BP parties"), oppose plaintiffs' motions.[2] For the following reasons, the Court denies plaintiffs'

---

[1] *Anderson*, No. 17-3024, R. Doc. 78; *Carter*, No. 17-3123, R. Doc. 64.
[2] The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' opposition to plaintiffs' motions for reconsideration. *Anderson*, No. 17-3024, R. Doc. 79 at 1 n.1; *Carter*, No. 17-3123, R. Doc. 65 at 1 n.1.

1

motions for reconsideration.

## I. BACKGROUND

The plaintiffs in the above-captioned cases each filed lawsuits against defendants based on their alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico.[3] Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions.[4] Plaintiffs brought claims for maritime negligence against defendants.[5]

In each case, the plaintiffs submitted an expert report from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms they allege in their complaints.[6] Dr. Cook was plaintiffs' only expert on the issue of general causation. This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Fed. R. Evid. 702 because, among other issues, Dr. Cook did not

---

[3] *Anderson*, No. 17-3024, R. Doc. 1; *Carter*, No. 17-3123, R. Doc. 1.
[4] *Anderson*, No. 17-3024, R. Doc. 1-1 at 5; *Carter*, No. 17-3123, R. Doc. 1-1 at 8.
[5] *Anderson*, No. 17-3024, R. Doc. 33 ¶¶ 19-49; *Carter*, No. 17-3123, R. Doc. 28 ¶¶ 19-49.
[6] *Anderson*, No. 17-3024, R. Doc. 78; *Carter*, No. 17-3123, R. Doc. 64.

identify what level of exposure to the specific chemicals to which plaintiffs were exposed is necessary to be capable of causing the specific conditions plaintiffs complained of.[7]  The Court thus concluded that Dr. Cook "lacks sufficient facts to provide a reliable opinion on general causation."[8]  Because expert testimony is required to establish general causation in toxic tort cases, and plaintiffs' sole expert witness on the issue of general causation was excluded, this Court granted defendants' motions for summary judgment in each case.[9]

Plaintiffs now move under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's orders excluding Dr. Cook's testimony and granting defendants' motions for summary judgment.[10]  Each of plaintiffs' motions is substantively identical.  In short, plaintiffs contend that the Court erred in its analysis of whether Dr. Cook's testimony constitutes admissible evidence on general causation and as a result, fact issues remained that rendered summary judgment inappropriate.[11]

In response, the BP parties contend that plaintiffs present no new evidence or argument; rather, they simply rehash the arguments they presented in response

---

[7]     *Anderson*, No. 17-3024, R. Doc. 76; *Carter*, No. 17-3123, R. Doc. 62.
[8]     *Id.*
[9]     *Id.*
[10]    *Anderson*, No. 17-3024, R. Doc. 78; *Carter*, No. 17-3123, R. Doc. 64.
[11]    *Id.*

3

to defendants' motions *in limine* in contravention of Rule 59(e).[12]

The Court considers the motions below.

## II. LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously

---

[12] *Anderson*, No. 17-3024, R. Doc. 79 at 1; *Carter*, No. 17-3123, R. Doc. 65 at 1.

unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

## III. DISCUSSION

Plaintiffs contend they are entitled to reconsideration of this Court's orders excluding the testimony of Dr. Cook and granting defendants' motions for summary judgment because the Court erred in holding that Dr. Cook must identify a harmful level of exposure to particular chemicals that cause the conditions that plaintiffs allegedly experienced.[13] Plaintiffs assert that Dr. Cook's testimony should have been admitted, and defendants' summary-judgment motions denied, because: (1) BP had a duty to protect the cleanup workers; (2) BP violated that duty by failing to conduct biomonitoring; (3) BP's breach of its duty to conduct biomonitoring explains why there is inadequate data to provide the information that the Court held was required of proposed general causation experts in its Orders and Reasons excluding Dr. Cook's testimony; and (4) the GuLF study represents the "state of the art," and it is therefore a reliable basis for Dr. Cook's

---

[13]  *Anderson*, No. 17-3024, R. Doc. 78-1 at 1; *Carter*, No. 17-3123, R. Doc. 64-1 at 1.

5

opinions.[14]

Plaintiffs have already advanced these arguments, or nearly identical ones, in their oppositions to BP's summary-judgment and *Daubert* motions, as well as in their motions seeking admission of Dr. Cook's testimony as a sanction against BP for alleged spoliation.[15] This Court rejected plaintiffs' arguments and granted defendants' *Daubert* and summary-judgment motions.[16] *See Naples v. BP Expl. & Prod., Inc.*, No. 12-2564, 2022 WL 5165046, at *1 (E.D. La. Sept. 28, 2022) (quotations omitted) ("[Rule 59(e)] motions should not be used to re-litigate prior matters that simply have been resolved to the movant's dissatisfaction." (quoting *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010)). Plaintiffs present no valid reason for the Court to reconsider their previously rejected contentions, which are ultimately based on the faulty premise that BP was obligated to develop evidence in anticipation of litigation. *See Reed v. BP Expl. & Prod., Inc.*, No. 17-4174, 2023 WL 3159403, at *10 (E.D. La. Apr. 28, 2023). Thus, plaintiffs fail to demonstrate any manifest errors of law or fact in the Court's exclusion of Dr. Cook's testimony. *See Naples*, 2022 WL 5165046, at *1 ("[E]ven assuming that BP had an affirmative duty to conduct dermal testing or

---

14   *Id.*
15   *Anderson*, No. 17-3024, R. Docs. 65, 66, & 67; *Carter*, No. 17-3123, R. Docs. 51, 52, & 53.
16   *See Anderson*, No. 17-3024, R. Doc. 78; *Carter*, No. 17-3123, R. Doc. 64.

biomonitoring after the oil spill, the lack of this information is not what renders Dr. Cook's expert report unreliable, unhelpful, and inadmissible."); *see also Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021) ("The plaintiff's recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle him to a second bite at the apple."). Further, courts in this district, including this one, have repeatedly excluded the Cook report submitted by plaintiffs in hundreds of cases, consistently finding that it is inadmissible because it is unreliable and unhelpful under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See, e.g., Carter v. BP Expl. & Prod., Inc.*, No. 17-3123, 2023 WL 7018420, at *7-9 (E.D. La. Oct. 25, 2023) (Vance, J.) (excluding Cook report as unreliable and unhelpful and noting that "this Court and others in this district have excluded this version of Dr. Cook's report for similar reasons"); *Spencer v. BP Expl. & Prod., Inc.*, No. 17-4253, 2023 WL 3737914, at *7-9 (E.D. La. May 31, 2023) (Vance, J.) (same); *Treme v. BP Expl. & Prod., Inc.*, No. 17-4269, 2023 WL 3737919, at *7-9 (E.D. La. May 31, 2023) (Vance, J.) (same); *see also Pennington v. BP Expl. & Prod., Inc.*, No. 17-4280, 2023 WL 6216572, at *2 (E.D. La. Sept. 25, 2023) (Zainey, J.) (noting that there is a "legion of cases in this district that have rejected Dr. Cook's various reports" and that "no judge has accepted any version of

the reports in any B3 case"); *Walker v. BP Expl. & Prod., Inc.*, No. 17-3622, 2023 WL 4586748, at *3 n.27 (E.D. La. July 18, 2023) (Milazzo, J.) ("In over 300 cases, ten judges of this district have reviewed [a version of] Dr. Cook's report . . . and excluded [it] as unreliable and unhelpful.").

Plaintiffs do not point to any newly discovered or previously unavailable evidence. Plaintiffs contend that the affidavit of Dr. Linda Birnbaum, originally submitted as part of the motion for admission of plaintiff's expert testimony because of defendants' alleged spoliation, created a genuine issue of material fact.[17] First, like plaintiff's arguments concerning biomonitoring, plaintiffs already litigated this argument as part of their motion for admission of Dr. Cook's testimony.[18] Second, like Dr. Cook's report, Dr. Birnbaum's affidavit has been considered and rejected in hundreds of cases by multiple judges in this district, including this one. *See, e.g., Anderson v. BP Expl. & Prod., Inc.,* No. 17-3024, 2023 WL 7018387, at *9 (E.D. La. Oct. 25, 2023) (Vance, J.) ("As other sections of this court have noted, Dr. Birnbaum's affidavit 'neither cures nor explains the deficiencies in [Dr. Cook's] report.'" (quoting *Griffin v. BP Expl. & Prod., Inc.*, No. 17-3244, 2023 WL 183894, at *5 (E.D. La. Jan. 13, 2023) (Ashe, J.))); *Robertson*

---

17   *Id.*
18   *See Anderson*, No. 17-3024, R. Doc. 65-1 at 14-17; *Carter*, No. 17-3123, R. Doc. 51-1 at 14-17.

8

*v. BP Expl. & Prod., Inc.,* No. 17-4573, 2023 WL 5293938, at *9 (E.D. La. Aug. 17, 2023) (Vance, J.) (same); *Brown v. BP Expl. & Prod., Inc.*, No. 17-3519, 2023 WL 4210026, at *9 (E.D. La. June 27, 2023) (Vance, J.) (same); *Ramey v. BP Expl. & Prod., Inc.,* 2023 WL 2430041, at *9 (E.D. La. Mar. 9, 2023) (Vance, J.) (same); *see also Pennington*, 2023 WL 6216572, at *2 (noting that Dr. Birnbaum "is not a medical doctor" and that "[t]his Court has previously rejected the Birnbaum affidavit (as have the other judges of this district) as being insufficient to overcome the obstacles with Dr. Cook's causation report"); *Williams v. BP Expl. & Prod., Inc.*, Nos. 17-3414 & 17-3637, 2023 WL 3316357, at *2 n.1 (E.D. La. Feb. 14, 2023) (Zainey, J.) ("[L]ike B3 plaintiffs before other judges in this district, the plaintiffs . . . have . . . attach[ed] to their oppositions an affidavit executed by Dr. Linda Birnbaum . . . For the same reasons that other judges were unmoved by these additions, this Court is likewise unpersuaded."). Dr. Birnbaum's affidavit does not constitute new evidence justifying reconsideration under Rule 59(e).

Plaintiffs do not demonstrate that the Court's order worked a manifest injustice. Plaintiffs contend that it is unjust to allow defendants to evade liability on the basis of plaintiffs' lack of causation evidence because defendants themselves made it impossible to obtain sufficient causation evidence.[19] But this argument

---

19     *Anderson*, No. 17-3024, R. Doc. 78-1 at 4; *Carter*, No. 17-3123, R. Doc. 64-1 at 4.

9

mirrors those made in plaintiffs' motions for admission.[20] Plaintiffs have failed to demonstrate any error in the Court's judgment that would constitute manifest injustice. *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, No. 11-2375, 2017 WL 3582385, at *6 (E.D. La. Aug. 18, 2017) ("A showing of manifest injustice [under Rule 59(e)] requires that there exist a fundamental flaw in the Court's decision."). Finally, plaintiffs point to no intervening changes in the law.

Accordingly, the Court finds that plaintiffs have not advanced any argument sufficient to justify the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

---

[20] *See Anderson*, No. 17-3024, R. Doc. 65-1 at 20-23; *Carter*, No. 17-3123, R. Doc. 51-1 at 20-23.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motions for reconsideration are DENIED.

New Orleans, Louisiana, this __30th__ day of January, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE